```
               IN THE UNTIES STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

BALDOR ELECTRIC COMPANY,
                                                        PLAINTIFF

v.                         CASE NO. 06-2135

SUNGARD RECOVERY SERVICES LP.,
SUNGARD RECOVERY SERVICES, INC.,                       DEFENDANTS

### ORDER

Before the Court are Defendants' Motion to Strike Jury Demand and Second, Third, Fourth, and Ninth Affirmative Defenses and Supporting Memorandum (Docs. 57 and 58) as well as Plaintiff's Response in Opposition (Doc. 59).  For the reasons stated herein, Defendants' Motion to Strike is DENIED.

This case arises under the terms of the Recovery Services Agreement entered into by the parties on or about April 1, 1998.  The terms of the Agreement provide that, in the event of disaster or unplanned condition that rendered Plaintiff unable to use a location for its intended computer processing and related purposes, Defendants would provide certain equipment and data recovery services that would allow Plaintiff to continue its computer operations without a debilitating break in services.  In exchange for the services provided by Defendants, Plaintiff agreed to pay a monthly fee during duration of the Agreement.

On or about December 12, 2002, Plaintiff sought to terminate the Agreement as of April 1, 2003.  The Defendants advised Plaintiff that the Agreement would not be terminated until May 6,

2006, and that Plaintiff was obligated to continue to make monthly payments through that date. Plaintiff made no monthly payments after April 1, 2003.

This Court previously granted in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and gave leave for Plaintiff to file a second amended complaint. Plaintiff filed its second amended complaint which Defendants answered and asserted a Counterclaim for breach of contract. Plaintiff then filed its affirmative defenses and Defendants responded with the Motion to Strike currently before the Court.

I. Motion to Strike Jury Demand

Defendants Motion to Strike first seeks to strike the jury demand made by Plaintiff as Plaintiff's claims for rescission and reformation are equitable claims, which are not entitled to a trial by jury. In response, Plaintiff makes clear it is only seeking a jury trial on Defendants' counterclaim. Accordingly, Defendants Motion to Strike is DENIED.

II. Motion to Strike Plaintiff's Second and Third Affirmative Defenses

Defendants contend Plaintiff's Second and Third Affirmative Defenses are contra to a previous Order of the Court as these defenses rely upon arguments this Court has expressly rejected, specifically the ambiguity of the Recovery Services Agreement. Plaintiff contends these affirmative defenses are not relying upon

any ambiguity in the agreement, but are simply restatements of the Plaintiff's claim for rescission in Count I of its Second Amended Complaint.

The Court finds that Plaintiff's affirmative defenses do not rely on a claim the Recovery Service Agreement was ambiguous, but rather restate claims this Court has determined are properly stated. *See Memorandum Opinion and Order* (Doc. 40).

III.  Motion to Strike Plaintiff's Fourth Affirmative Defense

In its fourth affirmative defense, Plaintiff seeks reformation based upon a unilateral and mutual mistake.  Defendants contend that in this Court's Order on the Motion to Dismiss, the Court ruled the intent of the parties was for the agreement to terminate upon the express date given in the agreement. Thus, Defendants contend, any claims based upon mistake are precluded by the Court's previous ruling regarding the intent of the parties.

While this Court, in ruling on the Motion to Dismiss, concluded the Recovery Services Agreement was clear and unambiguous for purposes of stating a claim for declaratory judgment, the court has not ruled on the intent of the parties beyond what is expressly written in the Recovery Services Agreement.  Indeed, Plaintiffs theory in the fourth affirmative defense goes beyond the terms of the Agreement to contend those terms do not accurately reflect the agreement between the parties.  Any previous ruling by the Court does not require a dismissal of Plaintiff's Fourth Affirmative

Defense for reformation based on unilateral and mutual mistake.

IV.  Motion to Strike Plaintiff's Ninth Affirmative Defense

Defendants seek to strike Plaintiff's Ninth Affirmative Defense, a set-off for any liability owed to Defendants, because Plaintiff has only asserted equitable claims for rescission or reformation of the agreement and not allegations that Defendant is liable to Plaintiff with respect to the agreement.

Arkansas law appears to be that Plaintiff could bring claims for reformation and rescission as a set-off to a breach of contract action.  *See*, *Wood v. Mangum*, 645 F. Supp. 131 (E.D. Ark. 1986) (holding that fraud claims could be asserted as set-off claims). Thus, the Court finds these claims are properly included and pled.

For the foregoing reasons, Defendants' Motion to Strike (Doc. 57) is DENIED.

IT IS SO ORDERED.

```
                                    /s/ Robert T. Dawson
Dated: April 11, 2007           Robert T. Dawson
                                United States District Judge
```